901 So.2d 415 (2005)
Douglas GUETZLOE and Dennis Pirlo, Appellant,
v.
The CITY OF DAYTONA BEACH, Florida, Appellee.
No. 5D04-1506.
District Court of Appeal of Florida, Fifth District.
May 20, 2005.
Frederic B. O'Neal, Windermere, for Appellant.
Marie Hartman of the Office of the City Attorney, Daytona Beach, for Appellee.
PALMER, J.
Douglas Guetzloe appeals the final order entered by the trial court granting summary judgment in favor of The City of Daytona Beach, ruling that the City was not required to hold a referendum on proposed amendments to the City's Charter because the statutorily-mandated fees for verification of the petition signatures were not paid. We affirm.
The City filed a complaint for declaratory relief against "Ax the Tax" and Guetzloe, in his capacity as the chairman of Ax the Tax. The complaint explained that several boxes of petitions for amendments to the City's Charter were delivered to the clerk of the City for the purpose of being placed on the ballot during the next general election. The complaint alleged that the petitions failed to comply with statutory law because, among other things, the statutory fees required to verify the signatures thereon had not been paid. The complaint requested a declaration as to whether the amendments were entitled to be placed on the ballot. A separate action was subsequently filed by Dennis Pirlo against the City, seeking a writ of mandamus to compel the City to place Ax the Tax's proposed amendments on the ballot.
The trial court consolidated the two cases, and thereafter granted the City's *416 motion for summary judgment and denied Pirlo's petition for writ of mandamus, ruling that the City was not required to submit the instant petitions to a referendum because, among other reasons, the statutory sums required for verification of signatures had not been paid. To support its ruling, the trial court cited to section 99.097 of the Florida Statutes (2001) which pertains to the Supervisor of Elections' authority to verify signatures:
99.097. Verification of signatures on petitions ...
* * *
(4) The supervisor shall be paid in advance the sum of 10 cents for each signature checked or the actual cost of checking such signature, whichever is less ... in the case of a petition to have an issue placed on the ballot, by the person or organization submitting the petition.
The trial court concluded that the City was entitled to a summary judgment in its favor because Guetzloe admitted that no fees had been paid. We agree.
The plain language of section 99.097(4) states that, where a petition is submitted to a City for the purpose of having an issue placed on the ballot, the supervisor shall be paid in advance the sum of 10 cents for each signature checked by the person or organization submitting the petition. Under this statute, Guetzloe was required to pay to have the signatures on the petitions verified by the supervisor of elections in order to determine whether a sufficient number of valid signatures were submitted.
Guetzloe maintains that he was not required to pay said fee because, in his reading of the applicable election laws, once he obtained 6,843 signatures (thereby meeting the 10% statutory threshold set forth in section 166.031 of the Florida Statutes),[1] the burden shifted to the City to request that the supervisor of elections verify the signatures on the petition and to pay the statutory fee. We disagree. The undisputed evidence in the record establishes that Guetzloe filed 6,843 petitions with the City, but said filing did not automatically constitute compliance with the 10% threshold requirement set forth in section 166.031 because the signatures on those petitions had not yet been verified as having been submitted by "registered electors as of the last preceding municipal general election", as required under the statute. For this court to hold otherwise would operate to reject basic rules of statutory construction which require the courts to give statutory language its plain and ordinary meaning, as well as undermine the clear public policy purpose of section 99.097, which is to place financial responsibility on the parties requesting that amendment issues be placed on the ballot.
In light of our resolution on the fee issue it is unnecessary to address the other issues raised by the parties in this appeal.
AFFIRMED.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] Section 166.031 of the Florida Statutes (2001) provides:

166.031. Charter amendments
(1) The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality.